**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 12:16 pm, Mar 06, 2018*

VILAYSAK SUTHSAYKHO,

      Petitioner,

      v.

PATRICK GARTLAND,

      Respondent.

CIVIL ACTION NO.: 5:17-cv-136

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court upon Petitioner Vilaysak Suthsaykho's ("Suthsaykho") failure to comply with the Court's Orders of October 25, 2017, (doc. 7), and January 18, 2018, (doc. 12), and his failure to prosecute this action. For the following reasons, I **RECOMMEND** the Court **DISMISS** Suthsaykho's Petition **without prejudice** for failure to follow the Court's directives and failure to prosecute and **DISMISS as moot** all pending Motions.[1] I further **RECOMMEND** that the Court **DIRECT** the Clerk of Court to **CLOSE** this

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be *sua sponte* dismissed). This R&R constitutes fair notice to Suthsaykho that his suit is due to be dismissed. As indicated below, Suthsaykho will have the opportunity to present his objections to this finding, and the district court will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's R&R constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

case and enter the appropriate judgment of dismissal and **DENY** Suthsaykho leave to appeal *in forma pauperis*.

## BACKGROUND

On October 11, 2017, Suthsaykho filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Georgia while he was housed at the Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia.   (Doc. 1.)   After Suthsaykho's Petition was transferred on the same date as his filing, this Court directed service on October 25, 2017, and ordered Suthsaykho to "immediately inform this Court in writing of any change of address.  Failure to do so will result in dismissal of this case."  (Doc. 7, p. 2.) Respondent filed a Motion to Dismiss on December 18, 2017.  (Doc. 11.)  On January 18, 2018, the Court issued an Order notifying Suthsaykho he had fourteen (14) days from the date of the Court's Order to file any opposition to Respondent's Motion to Dismiss.  (Doc. 12.)  The Court specifically advised Suthsaykho that, if he failed to respond, the Court would presume that he does not oppose dismissal of this action and would dismiss this case.  (Id.)  Despite these warnings, Suthsaykho has entirely failed to notify the Court of his change of address or to file an appropriate response to the Court's January 18, 2018, Order.  Suthsaykho's mail was returned as undeliverable, (doc. 13), and he has not made any filing in this case since he paid the requisite filing fee on October 20, 2017.

## DISCUSSION

The Court must now determine how to address Suthsaykho's failure to comply with this Court's Orders and failure to prosecute this action.  For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS** Suthsaykho's Petition **without prejudice** and **DENY** him leave to appeal *in forma pauperis*.

2

I.      **Dismissal for Failure to Prosecute and Follow this Court's Orders**

A district court may dismiss a petitioner's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket.[2] <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626 (1962);[3] <u>Coleman v. St. Lucie Cty. Jail</u>, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); <u>see also</u> <u>Coleman</u>, 433 F. App'x at 718; <u>Sanders v. Barrett</u>, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing <u>Kilgo v. Ricks</u>, 983 F.2d 189, 192 (11th Cir. 1993)); <u>cf.</u> Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  <u>Brown v. Tallahassee Police Dep't</u>, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting <u>Jones v. Graham</u>, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of

---

[2]  Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, the Section 2254 Rules may be applied to Section 2241 petitions.  Additionally, pursuant to Rule 12 of the Section 2254 Rules, the Federal Rules of Civil Procedure may apply to a habeas petition, to the extent the Civil Rules are not inconsistent with the Section 2254 Rules.

[3]  In <u>Wabash</u>, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the Court advised Suthsaykho that his failure to respond to Respondent's Motion to Dismiss would result in dismissal of this action.  (Doc. 12.)

delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Suthsaykho has not filed any opposition to Respondent's request for dismissal, despite the Court specifically directing Suthsaykho to do so and advising him of the consequences for failing to respond.  In fact, Suthsaykho has failed to diligently prosecute his claims, as he has not taken any action in this case for more than four months' time.  Additionally, Suthsaykho has failed to update the Court with his current address, despite the Court's instruction to him regarding this obligation.  (Doc. 7, p. 2.)  The Court has no means by which it can communicate with Suthsaykho and is unable to move forward with this case.

Thus, the Court should **DISMISS without prejudice** Suthsaykho's Section 2241 Petition, (doc. 1).

**II.      Leave to Appeal** *in Forma Pauperis*

The Court should also deny Suthsaykho leave to appeal *in forma pauperis*.  Though Suthsaykho has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Suthsaykho's failure to follow this Court's directives and failure to prosecute, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Suthsaykho *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** w**ithout prejudice** Suthsaykho's 28 U.S.C. § 2241 Petition, **DISMISS as moot** all pending Motions, and **DIRECT** the Clerk of Court to **CLOSE** this case and to enter the appropriate judgment of dismissal.  I also **RECOMMEND** the Court **DENY** Suthsaykho leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Suthsaykho and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of March, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA